IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARSHA HINTON**                                                                                  **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 2:13cv237-KS-MTP**

**DICK'S SPORTING GOODS, INC.**
**AMERICAN SPORTSMAN HOLDINGS**
**CO., d/b/a BASS PRO, LLC, d/b/a**
**BASS PRO OUTDOORS ONLINE, LLC,**
**AMAZON.COM.DEDC, LLC,**
**AMAZON.COM, LLC,**
**SPORTSMANS SUPPLY, INC.,**
**eBAY, INC., ROGERS SPORTING GOODS**
**WEB SALES, LLC d/b/a HUNTFISH PRO**
**and VMINNOVATIONS, INC.**                                                        **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the *Motion for Immediate Hearing on Plaintiff's Request for Permanent Injunction* [12] of the Plaintiff Marsha Hinton and the *Counter-Motion for Pre-Conference Examination of Evidence* [37] of the Defendants American Sportsman Holdings Co. d/b/a Bass Pro, LLC d/b/a Bass Pro Outdoors Online, LLC; Bass Pro, LLC; and Bass Pro Outdoors Online, LLC (hereinafter collectively referred to as "Bass Pro"). For the reasons stated below, the Court finds that both motions should be denied.

On September 25, 2013, Plaintiff filed suit in the Circuit Court of the Second Judicial District of Jones County, Mississippi, alleging that Bass Pro and other Defendants sold her hunting equipment that had been recalled by the Consumer Product Safety Commission ("CPSC"). (*See* Compl. [1-2 at ECF p. 6].) It appears that the Plaintiff sought to buy hunting equipment subject to recall, and that she never intended to actually use the equipment. The Plaintiff's son died in connection with a

hunting accident in November of 2012, and she has publically stated, "When I realized they were selling these tree stands that had been recalled, I decided I would do whatever I could to keep a wife or mother from standing over a casket". (Doc. No. [37-1] at p. 1.)  The specific hunting equipment involved in the accident of Plaintiff's son is not at issue in this lawsuit.  Furthermore, no wrongful death claim has been asserted in this cause.   Plaintiff's Complaint presents the following counts:  (1) request for injunction; (2) negligence; (3) intentional non recall conduct; (4) gross negligence; (5) breach of the implied warranty of merchantability; (6) failure to warn; (7) breach of the duty of good faith and fair dealing; and (8) punitive damages.

On October 25, 2013, Defendants Amazon.com.dedc, LLC and Amazon.com, LLC (hereinafter collectively referred to as "Amazon") timely removed the proceeding to this Court.  (*See* Notice of Removal [1].)  Subject matter jurisdiction is asserted on the basis of federal question jurisdiction (28 U.S.C. § 1331),[1] diversity of citizenship (28 U.S.C. § 1332) and supplemental jurisdiction (28 U.S.C. § 1367).  Bass Pro and the remaining Defendants have consented to the removal pursuant to Title 28 U.S.C. § 1446(b)(2)(A).

On October 28, 2013, Plaintiff filed her Motion for Immediate Hearing on Plaintiff's Request for Permanent Injunction ("Motion for Immediate Hearing") [12]. Plaintiff contends that some of the Defendants continue to offer recalled hunting equipment for sale, and requests an immediate hearing on her request for a permanent

---

[1] Amazon posits that Plaintiff's claims for injunctive relief and intentional non-recall conduct arise solely under federal law, *viz.*, certain provisions of the Consumer Product Safety Act, 15 U.S.C. §§ 2051-2089.  (*See* Notice of Removal [1] at ¶ XV.)

injunction to prohibit the Defendants from continuing to sell hunting equipment that has been recalled by the CPSC.

On November 15, 2013, Bass Pro filed its Counter-Motion for Pre-Conference Examination of Evidence [37].  "Bass Pro requests an order allowing it to immediately inspect and photograph the evidence discussed in Plaintiff's Complaint, and to conduct discovery into the circumstances of ordering, the chain of custody, and the unpacking of any of the treestands."  (*See* Doc. No. [37] at ¶ 3.)  Bass Pro urges this relief so that it may seek dismissal of the Plaintiff's claims on an expedited basis and avoid costly litigation expenses.

### 1.  Motion for Immediate Hearing [12]

All of the Defendants oppose Plaintiff's request for an immediate hearing.  Further, all of the Defendants, either independently or through joinder, assert arguments against the merits of Plaintiff's request for injunctive relief.  For example, Bass Pro and Dick's Sporting Goods, Inc. contend that there is no threat of irreparable injury since the items actually purchased by the Plaintiff are not subject to CPSC recalls and since they are not selling to the public recalled hunting equipment.  Several Defendants also object to the timing of Plaintiff's motion.  For instance, eBay, Inc. ("eBay") argues:

> The Motion essentially seeks a trial on the merits before eBay has had an opportunity to even file a responsive pleading or conduct discovery. Plaintiff has failed to cite any rule or authority which permits the Court to consider a request for a permanent injunction prior to affording to the parties an opportunity to conduct discovery and assert by motion legal defenses. The complete absence of such authority is not surprising, as the entry of a permanent injunction at this stage of the case clearly would result in the denial of eBay's Due Process Rights and is contrary to the spirit of the Federal Rules of Civil Procedure. Moreover, Plaintiff, apparently recognizing that she could not meet the requisite burdens, has decided not to seek any of the preliminary injunctive relief available under Rule 65. Thus, the Motion

      should be denied and the parties should be permitted to file responsive pleadings and conduct discovery before the Court conducts a trial on the merits.

(eBay's Resp. in Opp. to Mot. for Immediate Hr'g [36] at ¶ 1.)

      The Court agrees that Plaintiff's plea for an immediate hearing on her claim for a permanent injunction is premature.  The central distinction between a request for a permanent injunction and a request for a preliminary injunction is that the plaintiff must show actual success on the merits rather than a mere likelihood of success.  *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 32, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citing *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987)).  Thus, "[a] permanent injunction is generally only granted where . . . a full trial on the merits has occurred." *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981)).  Obviously, no trial has been conducted in this case.  This action is in its infancy and neither discovery on the merits of Plaintiff's claims and Defendants' defenses, nor numerous preliminary procedures (such as the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the conference of the parties pursuant to Fed. R. Civ. P. 26(f), and the case management conference pursuant to L.U.Civ.R. 16) have been accomplished.  Conducting a hearing–in essence, a trial–on Plaintiff's request for a permanent injunction at this stage of the proceedings would prejudice the Defendants, be impracticable, and undermine a central benefit of the discovery rules, allowing "parties to obtain the fullest possible knowledge of the issues and facts *before trial*." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (emphasis added); *cf. Romaguera v. Gegenheimer*, 12 F.3d 208,

1993 WL 529842, at *2 (5th Cir. Dec. 2, 1993) (vacating the district court's grant of a permanent injunction because the defendant did not have a fair opportunity to prepare for a preliminary injunction hearing that was consolidated with the trial on the merits); *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 178 (5th Cir. 1988) (holding that the district court erred in disposing of certain claims following a preliminary injunction hearing when the time allotted for discovery–"only six weeks"–and the hearing itself precluded an adequate exploration of the merits of the subject claims).  Therefore, Plaintiff's motion for an immediate hearing will be denied.

The Court further notes, as a practical matter, that the denial of Plaintiff's request for an immediate hearing on her claim for injunctive relief fails to give rise to any threat of irreparable injury to the Plaintiff.  The Plaintiff purchased the subject items believing that they were subject to recall.  "As Plaintiff has demonstrated, she does not hesitate to purchase a product when she believes it to be a recalled item."  (Pl.'s Rebuttal Mem. [54] at p. 18.)  Thus, the likelihood of the Plaintiff sustaining injury due to the use of the items during the pendency of this lawsuit is virtually nonexistent.  Plaintiff's allegation that some of the Defendants continue to sell recalled hunting equipment and that others will be seriously injured or killed as a result is a merits issue, which cannot be resolved at this time.  Nonetheless, the Plaintiff remains free to move for a preliminary injunction under Federal Rule of Civil Procedure 65(a) if she believes that the threat of irreparable injury must be addressed before a final decision on the merits.[2]  The Plaintiff also

---

[2] The Plaintiff has made clear that she is only pursuing a permanent injunction at the present time.  "Plaintiff did not request a preliminary injunction in this case because the Plaintiff wants the illegal conduct of the Defendants enjoined on a permanent, not temporary basis."  (Pl.'s Rebuttal Mem. [54] at p. 17.)

remains free to suggest or request expedited procedures on her claim for permanent injunctive relief at the Rule 26(f) conference of the parties or case management conference, which will be scheduled following the entry of this order.

### 2.  Counter-Motion for Pre-Conference Examination of Evidence [37]

The Plaintiff has filed a Notice of Agreement to Inspection [51], indicating that she does not oppose the substance of Bass Pro's request to examine certain hunting equipment and documents relating to the purchase of the equipment.  However, the Plaintiff requests that the Defendants be required to provide certain information prior to any inspection, such as the factors that will be used to determine whether a treestand has been recalled or not.  The Court finds that the parties should confer in a good faith effort to resolve these discovery issues informally.  *See* Fed. R. Civ. P. 37(a)(1) (requiring parties to confer without involvement of the court prior to their seeking court action on a discovery dispute); L.U.Civ.R. 37(a) ("Before service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention.").  This task may be accomplished either before or during the Rule 26(f) conference of the parties.  If the parties are unable to work out procedures for the inspection of any hunting equipment on their own, they may then seek resolution of their discovery dispute at the case management conference before the United States Magistrate.  The necessity of an order mandating the discovery specified in Bass Pro's counter-motion is not evident to the Court at this time.  Accordingly, this motion will also be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Immediate Hearing [12] is denied.

**IT IS FURTHER ORDERED AND ADJUDGED** that Bass Pro's Counter-Motion for Pre-Conference Examination of Evidence [37] is denied.

**IT IS FURTHER ORDERED AND ADJUDGED** that counsel for the parties are to contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order to schedule a case management conference.

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE