IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARSHA HINTON**                                                                                          **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:13cv237-KS-MTP**

**DICK'S SPORTING GOODS, INC.**
**AMERICAN SPORTSMAN HOLDINGS**
**CO., d/b/a BASS PRO, LLC, d/b/a**
**BASS PRO OUTDOORS ONLINE, LLC,**
**AMAZON.COM.DEDC, LLC,**
**AMAZON.COM, LLC,**
**SPORTSMANS SUPPLY, INC.,**
**eBAY, INC., ROGERS SPORTING GOODS**
**WEB SALES, LLC d/b/a HUNTFISH PRO**
**and VMINNOVATIONS, INC.**                                                              **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Marsha Hinton's Motion for Additional Time to Respond to the Motion for Sanctions and Motion for Summary Judgment filed by the Bass Pro Defendants ("Motion for Time") [111]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted.

On January 7, 2014, Defendants American Sportsman Holdings Co.; Bass Pro, LLC; and Bass Pro Outdoors Online, LLC (hereinafter collectively referred to as "Bass Pro") filed their Motion for Summary Judgment and Rule 11 Sanctions [75], [76]. The central argument underlying the summary judgment motion is that the Plaintiff's claims are without merit because the treestands Bass Pro sold her were not subject to a Consumer Product Safety Commission recall. Plaintiff's response to the motion was due to be filed on or before January 24, 2014. Plaintiff filed her Motion for Time [111] on January 23. Plaintiff requests that her time to respond to the summary judgment

motion be extended until ten (10) days after Bass Pro responds to her written discovery requests. In opposing the Plaintiff's request, Bass Pro argues the merits of its summary judgment motion and asserts that it should not be required to engage in costly discovery.

Plaintiff's Motion for Time [111] was timely filed and good cause supports the requested relief. *See* Fed. R. Civ. P. 6(b)(1)(A). Bass Pro seeks sanctions and the dismissal of all of Plaintiff's claims pursuant to the fact-based argument that it did not sell her any recalled hunting equipment. At this early stage of the proceedings, the Plaintiff should be permitted to engage in some discovery to evidence a genuine issue of material fact in support of her contrary position. Following this discovery,[1] Bass Pro may very well be correct that "Plaintiff clearly has no factual support for her claims against these Defendants to date." (Bass Pro's Resp. to Mot. for Time [114] at p. 7.) However, any determination to that effect would be premature at this point in time. Bass Pro's concerns over the expense of discovery are likely shared by any defendant believing it possesses a dispositive defense. Yet, not every defense is successful and the Court is unwilling to prohibit the Plaintiff from engaging in discovery that may reveal facts negating the subject defense.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Time [111] is granted. Plaintiff's time to respond to Bass Pro's Motion for Summary Judgment and

---

[1] This ruling only extends to the written discovery requests referenced by Judge Parker in his Order of February 5, 2014. (*See* Order [116] at ¶ 4.) In addition, nothing said here precludes the Defendants from asserting appropriate objections under the Federal Rules of Civil Procedure in responding to the Plaintiff's discovery requests.

Rule 11 Sanctions [75], [76] is extended until ten (10) days after Bass Pro responds to her written discovery requests.

SO ORDERED AND ADJUDGED this the 7th day of February, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE