IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARSHA HINTON**                                                                                     **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO. 2:13cv237-KS-MTP**

**DICK'S SPORTING GOODS, INC.**
**AMERICAN SPORTSMAN HOLDINGS**
**CO., d/b/a BASS PRO, LLC, d/b/a**
**BASS PRO OUTDOORS ONLINE, LLC,**
**AMAZON.COM.DEDC, LLC,**
**AMAZON.COM, LLC,**
**SPORTSMANS SUPPLY, INC.,**
**eBAY, INC., ROGERS SPORTING GOODS**
**WEB SALES, LLC d/b/a HUNTFISH PRO**
**and VMINNOVATIONS, INC.**                                       **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Marsha Hinton's Motion to Stay Proceedings as to Dick's Sporting Goods or in the Alternative for Additional Time Within Which to Respond to the Motion for Summary Judgment and Motion to Sever Filed by Dick's Sporting Goods ("Motion to Stay") [118]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied.

On January 22, 2014, Defendant Dick's Sporting Goods, Inc. ("Dick's") filed it Motion to Sever [104]. Dick's argues that Plaintiff's claims against it relating to the sale of a Muddy Outdoors climbing stick are separate and distinct from Plaintiff's claims against the other Defendants relating to the sale of Summit treestands, and that the claims should be severed and tried separately. On January 23, 2014, Dick's filed its Motion for Summary Judgment [109]. The central argument underlying Dick's summary judgment motion is that all of Plaintiff's claims fail as a matter of law because the

climbing stick it sold her was not subject to a Consumer Product Safety Commission ("CPSC") recall.  Plaintiff's responses to the Motion to Sever [104] and Motion for Summary Judgment [109] were due to be filed on or before February 10, 2014.  Plaintiff filed her Motion to Stay [118] on February 7.  Plaintiff principally seeks a stay of proceedings against Dick's until she receives the CPSC's response to her Freedom of Information Act ("FOIA") request concerning information relating to the recall of Muddy Outdoors climbing sticks.  In the alternative, Plaintiff asks for additional time to respond to Dick's summary judgment motion so that she may depose L. J. Smith.

The Court rejects Plaintiff's request for a stay of proceedings as to Dick's.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  The party seeking a stay bears the burden of demonstrating its necessity.  *Id.* at 708.

There are several factors weighing against the Plaintiff's request for a stay of proceedings pending her receipt of the CPSC's response to her FOIA request.  First, there is no indication of when the Plaintiff is expected to receive the CPSC's response.  Plaintiff states that she submitted the FOIA request on July 15, 2013, and that she has yet to receive any materials relating to the request other than "a letter dated January 27, 2014, stating that the manufacturers had been notified of Plaintiff's request."  (Pl.'s Mot. to Stay [118] at ¶ 3.)  The Court is unwilling to delay this proceeding for an indeterminate amount of time that is ultimately dependent upon the willingness of third parties to provide the Plaintiff with information.  Second, the Plaintiff offers nothing,

apart from speculation and conjecture, in support of her presumption that the CPSC file will contain information determinative of whether the climbing stick is subject to recall. Even more important, the likelihood of the CPSC file containing information different or distinct from the recall information the Plaintiff obtained from the CPSC website, which she apparently relied on in filing her Complaint and seeking an immediate hearing on her request for a permanent injunction (essentially, a trial on the merits), has not been evidenced to the Court.  Third, Dick's has served written discovery responses to the Plaintiff's First Set of Interrogatories, Request for Production, and Request for Admissions.  (*See* Doc. Nos. [126], [135].)  Plaintiff may attempt to rely on this discovery information and the information she obtained from the CPSC prior to filing suit in opposing Dick's request for summary judgment.  In short, the necessity of a stay of proceedings as to Dick's is not evident to the Court at this time.

The Court also finds Plaintiff's alternative request that she be permitted to depose L. J. Smith prior to responding to the summary judgment motion not well taken. Plaintiff's motion fails to explain what information, if any, L. J. Smith possesses that bears on Dick's request for summary judgment.  Plaintiff's rebuttal specifies that Mr. Smith inspected the hunting equipment at issue in this action and that she believes he "may have some very relevant information relating to the issues in this litigation."  (Pl.'s Rebuttal in Supp. of Mot. to Stay [140] at ¶ 10.)  However, the Court does not typically consider arguments raised for the first time in a rebuttal.  *See Johnson v. Watkins*, 803 F. Supp. 2d 561, 575 n.3 (S.D. Miss. 2011), *aff'd*, 472 Fed. Appx. 330 (5th Cir. 2012). This general rule aside, Plaintiff's belief that Mr. Smith *may* have knowledge of relevant information falls well short of the bar set by the Fifth Circuit for a litigant to obtain

additional time to conduct discovery prior to responding to a motion for summary judgment. *See Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) ("[P]arties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.") (citation and internal quotation marks omitted).

Apart from the full title of the Plaintiff's Motion to Stay [118], Plaintiff makes no reference to Dick's request for the severance of her claims. Thus, there is no basis for the Court to provide the Plaintiff with relief regarding Dick's Motion to Sever [104].

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Stay [118] is denied. Plaintiff shall file her responses to Dick's Motion to Sever [104] and Motion for Summary Judgment [109] within seven (7) days of the entry of this Order.

SO ORDERED AND ADJUDGED this the 26th day of February, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE