IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARSHA HINTON                                                                  PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:13cv237-KS-MTP

DICK'S SPORTING GOODS, INC.
AMERICAN SPORTSMAN HOLDINGS CO.,
f/k/a BASS PRO SHOPS, INC.
BASS PRO, LLC,
BASS PRO OUTDOORS ONLINE, LLC,
AMAZON.COM.DEDC, LLC,
AMAZON.COM, LLC, and
eBAY, INC.                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Sanctions [75] and Motion for

Summary Judgment [76] of the Defendants American Sportsman Holdings Co., Bass

Pro, LLC, and Bass Pro Outdoors Online, LLC (hereinafter collectively referred to as

"Bass Pro");[1] the Motion to Sever [104] and Motion for Summary Judgment [109] of the

Defendant Dick's Sporting Goods, Inc. ("DSG"); and, the Plaintiff Marsha Hinton's

Combined Motion to Strike and Motion *in Limine* with Authorities [143], [144][2] and

---

[1] The Motion for Sanctions [75] and Motion for Summary Judgment [76] are actually encompassed within one document styled as a "Motion for Summary Judgment and Rule 11 Sanctions". This one document was filed twice: first as a "Motion for Sanctions" under docket entry number 75, and second as a "Motion for Summary Judgment" under docket entry number 76. For purposes of clarity, the Motion for Sanctions [75] and Motion for Summary Judgment [76] will be addressed separately in this opinion and order.

[2] This document was also docketed twice and given separate designations under the Court's electronic case filing system. However, the requests for relief presented in the document will be addressed jointly since the same ruling is being entered as to both requests.

Motion for Permission to File Surrebuttal Brief [174].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds that:

1)      Plaintiff's Combined Motion to Strike and Motion *in Limine* with Authorities [143], [144] should be denied;

2)      Plaintiff's Motion for Permission to File Surrebuttal Brief [174] should be granted;

3)      Bass Pro's Motion for Summary Judgment [76] should be granted;

4)      Bass Pro's Motion for Sanctions [75] should be denied;

5)      DSG's Motion for Summary Judgment [109] should be granted; and

6)      DSG's Motion to Sever [104] should be denied as moot.

**BACKGROUND**

This action involves the sale of hunting equipment allegedly subject to recalls issued by the United States Consumer Product Safety Commission ("CPSC").  Plaintiff claims that she purchased two Summit treestands from Bass Pro and that one of the treestands is subject to CPSC recall number 13-1015.  Plaintiff also alleges that she purchased a Muddy Outdoors climbing stick from DSG that is subject to CPSC recall number 13-078.  It appears that the Plaintiff sought to buy hunting equipment subject to CPSC recalls, and that she never intended to use the equipment.  The Plaintiff's adult son, Timothy Hinton, died in connection with a hunting accident in November of 2012, and she has publically stated, "When I realized they were selling these tree stands that had been recalled, I decided I would do whatever I could to keep a wife or mother from standing over a casket".  (Doc. No. [37-1] at p. 1.)  Plaintiff has also admitted in her briefing before the Court "that this lawsuit was filed because of her son's death."  (Pl.'s

Mem. in Opp. to Mot. for SJ [146] at p. 7.) However, the specific hunting equipment involved in Timothy Hinton's hunting accident is not at issue in this lawsuit. Furthermore, no wrongful death claim has been asserted in this cause.

This action was initially filed in the Circuit Court of the Second Judicial District of Jones County, Mississippi. On October 25, 2013, Defendants Amazon.com.dedc, LLC and Amazon.com, LLC filed their Notice of Removal [1], asserting that the Court possessed jurisdiction over this cause pursuant to Title 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1367 (supplemental jurisdiction). The remaining Defendants timely consented to the removal. On March 7, 2014, Plaintiff filed her Amended Complaint [160], presenting the following counts: (1) request for injunction; (2) negligence; (3) intentional conduct; (4) gross negligence; (5) breach of the implied warranty of merchantability; (6) failure to warn; (7) breach of the duty of good faith and fair dealing; (8) violation of the Mississippi Consumer Protection Act; (9) violation of federal law; and (10) punitive damages.

Both Bass Pro and DSG seek summary judgment on all of the Plaintiff's claims based on the position that they did not sell the Plaintiff any hunting equipment subject to a CPSC recall. The Court has fully considered these Defendants' summary judgment motions and the related motions at issue in this case and is ready to rule.

## DISCUSSION

I. **Plaintiff's Combined Motion to Strike and Motion *in Limine* with Authorities [143], [144]**

This filing is aimed at a Hunting Related Investigate Report issued by the

Mississippi Department of Wildlife Fisheries & Parks (the "Report") [77-2]. The Report pertains to the hunting accident suffered by the Plaintiff's son, Timothy Hinton. The facts section of Bass Pro's briefing on summary judgment references certain statements in the Report indicating that a substance believed to be marijuana and related paraphernalia were found at the site of the hunting accident. Plaintiff argues that the Report should be stricken from the record because it is irrelevant under Federal Rule of Evidence 401, and even if relevant, its probative value is substantially outweighed by one or more of the dangers listed under Federal Rule of Evidence 403. Plaintiff also requests that the Court issue an order prohibiting the Defendants from offering any further evidence or testimony relating to marijuana.

The Court finds that the Report is irrelevant to any issue bearing upon Bass Pro's request for summary judgment. However, there is no need to strike the Report from the record. The Court will simply disregard it in reaching a decision on the Motion for Summary Judgment [76]. *Cf. In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) ("If a court believes evidence is irrelevant, it need only say so and discount it accordingly when it makes its summary judgment determination); *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (denying a motion in limine in the context of a bench trial because "the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk"). Furthermore, the Report is not wholly irrelevant to this action since it concerns the hunting accident leading to the death of Timothy Hinton and Plaintiff has admitted this suit would not have been filed but for her son's death.

-4-

The Court also finds that the Plaintiff's Rule 403 argument and related request for an order prohibiting further testimony regarding marijuana are premature.  Questions concerning unfair prejudice or confusion of the issues relating to the circumstances surrounding Timothy Hinton's hunting accident are better reserved for when there is a risk of a jury being improperly influenced by these matters.  "Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage."  *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859; *see also* 2 *Weinstein's Federal Evidence* § 403.02[1][b] (2014) (although courts have the authority to exclude evidence pursuant to Rule 403 upon consideration of summary judgment, Rule 403 balancing is better addressed at the later stages of litigation); *cf. O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (A motion in limine seeks to prohibit opposing counsel from mentioning "matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court *to the jury* to disregard the offending matter cannot overcome its prejudicial influence on the *jurors' minds.*") (emphasis added; citation omitted).  Accordingly, the Plaintiff's present request for an order striking the Report [77-2] and prohibiting the Defendants from presenting any further evidence regarding marijuana will be denied.

## II.    Plaintiff's Motion for Permission to File Surrebuttal Brief [174]

Plaintiff seeks permission to file a Surrebuttal Brief addressing a portion of an affidavit submitted by Bass Pro in conjunction with its Rebuttal Memorandum [166]. Plaintiff's Surrebuttal is included in the body of her motion.  Bass Pro's opposition to the motion addresses the positions set forth in the Plaintiff's Surrebuttal.  This motion will be

granted and the Court will consider the competing arguments and positions set forth by the Plaintiff and Bass Pro in ruling on summary judgment.

## III. Bass Pro's Motion for Summary Judgment [76]

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation,

improbable inferences, unsubstantiated assertions, and legalistic argumentation do not

adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v.*

*Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is

mandatory "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d

759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548, 91 L. Ed. 2d 265 (1986)).

## B.     Analysis

Bass Pro argues that each of the Plaintiff's claims fails because she cannot

prove that it sold her a Summit treestand containing a condition subject to a CPSC

recall.  Bass Pro chiefly relies on affidavits executed by Matthew Robinson, an

engineering manager for Summit, in support of this position.  (*See* Doc. Nos. [77-4], [77-

7], [166-1].)  The Robinson affidavits that are attached to the summary judgment motion

present the following circumstances pertinent to this dispute.  On October 23, 2012,

Summit voluntarily recalled certain model treestands sold between July and August of

2012.  (*See* Robinson Aff. [77-4] at ¶ 3.)  Robinson is responsible for issues relating to

the recall of the Summit treestands.  (*See* Robinson Aff. [77-4] at ¶ 2.)  "The recall

condition related to the routing of the webbing of a treestrap through a simple slotted

buckle."  (2d Robinson Aff. [77-7] at ¶ 4.)  The affected treestands "had the webbing

routed upside down through the buckle, which altered its efficacy."  (2d Robinson Aff.

[77-7] at ¶ 4.)  Summit worked with the CPSC to implement a corrective plan in order to

fix the recalled condition.  (*See* 2d Robinson Aff. [77-7] at ¶ 5.)  As part of that plan,

Summit submitted photographs to the CPSC that were general in nature and only showed the types of models affected by the recall because not every stand under a particular model series was subject to the recall. (*See* 2d Robinson Aff. [77-7] at ¶ 5.) Summit also sent a team of individuals to retailers, who inspected and corrected any affected treestands by properly routing the webbing. (*See* 2d Robinson Aff. [77-7] at ¶ 6.) On November 26, 2013, Robinson personally inspected the Summit treestands purchased by the Plaintiff. (*See* 2d Robinson Aff. [77-7] at ¶ 7.) Based on that inspection, Robinson determined that the treestands sold by Bass Pro "were not subject to the recall. The webbing on the products was routed correctly." (2d Robinson Aff. [77-7] at ¶ 7.)

Plaintiff's opposition does not dispute that she must prove the Summit treestands are subject to a CPSC recall in order for her to recover on all of her claims. Plaintiff's principal argument against summary judgment is that one of the two treestands she purchased from Bass Pro must be subject to the recall because metal hooks attached to the treestand hanging strap assembly are routed differently as between the two treestands. As to one treestand strap, the metal hooks are positioned such that their open ends would face away from the tree. As to the other strap, one of the metal hooks is positioned such that its open end would face the tree. "[T]he opening of the hooks should both face away from the tree for a reason. That is because these are the weakest part of the hanging strap assembly. . . . In this case, the . . . straps are routed differently, so one is a recalled product. End of story." (Pl.'s Mot. for Permission to File Surrebuttal Brief [174] at p. 3.)

A third affidavit executed by Matthew Robinson addresses the issue of whether the position of the hooks on the treestand strap is the recall condition.  Robinson states:

> The routing of the strap on the wrong side of the slide bar was the essential part of the recall and not the direction of the hooks.  When routed correctly around the slide bar, the product still operates to hold the stand to the tree, regardless of hook orientation.  Summit testing has demonstrated that the products perform properly regardless of the orientation of the hooks when the webbing is routed on the correct side of the slide bar.

(3d Robinson Aff. [166-1] at ¶ 4.)  Based on these averments, Bass Pro argues that the Plaintiff's focus on the position of the hooks as the recall condition is simply erroneous and founded on inaccurate speculation.  Bass Pro's argument is well taken.  Neither unsubstantiated assertions, conclusory allegations, nor a scintilla of evidence is sufficient to avoid summary judgment.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012) (affirming the trial court's grant of summary judgment where the plaintiff's allegations were merely speculative and unsupported by the evidence).  The Court finds that the Plaintiff's conclusory and speculative belief that the positioning of the hooks on the treestand strap, as opposed to the routing of the webbing, is the recall condition fails to create a genuine issue for trial.

Plaintiff's related grounds in opposition to summary judgment are also insufficient.  For example, Plaintiff claims that Bass Pro has taken the inaccurate position that Summit did not change model numbers on certain treestands subject to the recall.  Any dispute between the Plaintiff and Bass Pro regarding whether Summit changed its model numbers is immaterial to the outcome of this action and the subject motion for summary judgment.

Plaintiff has also submitted an affidavit from Terry Whittington, an avid hunter for approximately fifty years, in an effort to evidence a genuine issue of material fact.  (*See* Whittington Aff. [145-2].)  This affidavit states in pertinent part that Whittington viewed the CPSC web page concerning the recall and inspected the treestands purchased by the Plaintiff, and determined "that one of the tree straps is routed exactly as shown by the photograph on the CPSC web site and one of the tree straps purchased from Bass Pro is not routed like the photograph shown on the CPSC web site . . . ."  (Whittington Aff. [145-2] at ¶ 9.)  Plaintiff argues that because only one of the treestands she purchased from Bass Pro is routed like the photograph shown on the CPSC web page, "one of them has to be routed incorrectly and is therefore a recalled item."  (Pl.'s Mem. in Opp. to Mot. for SJ [146] at p. 3.)  The photographs presented by the Plaintiff in opposition to summary judgment show that the routing issue referenced by Whittington pertains to the position of the hooks on the strap assembly.

The Court's review of the summary judgment record reveals no evidence of the Plaintiff or Terry Whittington's personal knowledge of the recall condition.  Conversely, the affidavits of Matthew Robinson establish that he is the engineering manager for Summit who is responsible for issues relating to the subject recall.  As noted above, Robinson has testified by affidavit that the photographs submitted to the CPSC were general in nature and did not show the recall condition; that the recall condition was the routing of the treestrap webbing through a slotted buckle and not the position of the hooks; and, that the treestands purchased by the Plaintiff from Bass Pro do not contain the recall condition.  (*See* 2d Robinson Aff. [77-7] at ¶¶ 5, 7; 3d Robinson Aff. [166-1] at ¶¶ 4, 7.)  Robinson's sworn testimony prevails over the Plaintiff's arguments for

purposes of summary judgment. *See, e.g.*, *Nettles v. Travelers Prop. Cas. Ins. Co.*, 375 F. Supp. 2d 489, 492 (S.D. Miss. 2005); *Roberts v. Walthall County Gen. Hosp.*, 96 F. Supp. 2d 559, 561 (S.D. Miss. 2000), *aff'd*, 240 F.3d 1075 (5th Cir. 2000). Furthermore, Terry Whittington's affidavit fails to preclude a grant of summary judgment because he does not claim personal knowledge of the recall condition or state that the treestands purchased by the Plaintiff are subject to the CPSC recall. *See Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 881 (5th Cir. 2014) ("[A]n affidavit 'used to support or oppose a motion' for summary judgment 'must be made on personal knowledge.'") (quoting Fed. R. Civ. P. 56(c)(4)).

### C.    Summation

Bass Pro has shown that the Plaintiff cannot establish a factual predicate to each of her claims, *viz.*, that she purchased a treestand from Bass Pro that is subject to a CPSC recall. Plaintiff's above-discussed beliefs and speculative conclusions to the contrary are insufficient to avoid summary judgment. Further, the arguments and contentions presented by the Plaintiff that were not specifically addressed above have, nonetheless, been considered and are inadequate to allow the Plaintiff's claims against Bass Pro to proceed to trial. Therefore, Bass Pro is entitled to judgment as a matter of law.

### IV.    Bass Pro's Motion for Sanctions [75]

Bass Pro seeks sanctions against the Plaintiff pursuant to Federal Rule of Civil Procedure 11. A district court is authorized to award sanctions under Rule 11 if a pleading or motion is presented for an improper purpose, is not supported by existing law, or lacks evidentiary support. *See* Fed. R. Civ. P. 11(b)(1)-(3). Rule 11 "was largely

amended in 1993 to make it more difficult to levy sanctions."  *Webb v. LaSalle*, 537 Fed.

Appx. 389, 390 (5th Cir. 2013).  District courts enjoy considerable discretion in deciding

whether to impose sanctions under this Rule.  *See, e.g.*, *Executive Air Taxi Corp. v. City*

*of Bismarck, N.D.*, 518 F.3d 562, 571 (8th Cir. 2008); *Port of S. La. v. Tri-Parish Indus.*,

927 F. Supp. 2d 332, 347 (E.D. La. 2013).  The Court exercises its discretion to deny

this motion.

Bass Pro argues that this suit was filed in violation of Rule 11(b)(1) because

instead of seeking damages on behalf of an injured party, Plaintiff appears to have

created the lawsuit by purchasing items she believed to be subject to recalls in light of

her son's hunting accident.  Plaintiff argues that her purpose in bringing this action was

to prevent another person from being hurt or killed due to defective hunting equipment.

The Court agrees that the circumstances surrounding and leading to this lawsuit

certainly appear novel.  However, the Court is unconvinced that the Plaintiff brought this

suit "to harass [Bass Pro], cause unnecessary delay, or" for any similar improper

purpose.  Fed. R. Civ. P. 11(b)(1).

Bass Pro's argument under Rule 11(b)(2) is that this suit is unsupported by

existing law because the Plaintiff failed to provide the Defendants with thirty (30) days'

notice prior to filing suit in violation of the Consumer Product Safety Act ("CPSA").  The

CPSA authorizes a private citizen to bring suit "in any *United States district court* . . . to

enforce a consumer product safety rule . . . and to obtain appropriate injunctive relief."

15 U.S.C. § 2073(a) (emphasis added).  An individual bringing suit under this provision

is required to give notice by registered mail to the potential defendant 30 days prior to

the initiation of the action.  *Id.*  It appears that only twenty-six (26) days passed between

the mailing of Plaintiff's written notice to Bass Pro and the filing of this action.

Nonetheless, Plaintiff asserts that she was not required to wait 30 days before filing suit

in *Mississippi state court*. Plaintiff further posits that the CPSA's 30-day waiting period

has been satisfied in light of the passage of time between the mailing of her August 30,

2013 written notice and the filing of her March 7, 2014 Amended Complaint [160] in this

Court. Bass Pro has failed to present any legal authorities or arguments contradicting

the Plaintiff's interpretation and application of the CPSA's 30-day waiting period to the

particulars of this case. Accordingly, the Court finds no legal defect in the Plaintiff's

CPSA claims for Rule 11 purposes.

Finally, Bass Pro contends that the Plaintiff's pleadings and motions violate Rule

11(b)(3) because the affidavits of Matthew Robinson prove that the treestands are not

subject to recall and because Summit advised the Plaintiff in writing on September 25,

2013, that it did not believe the treestands were subject to recall. The Court is

unpersuaded by these contentions. No sanction will be imposed based on the Plaintiff

filing suit on the same date legal counsel for Summit sent her a letter referencing

Summit's general beliefs and vaguely referring to the focus of the recall as "a specific

condition." (Doc. No. [77-6].) It seems that the Plaintiff was not advised of the specific

recall condition, "the routing of the webbing of a treestrap through a simple slotted

buckle," until after she had filed her Complaint and Motion for Immediate Hearing. (2d

Robinson Aff. [77-7] at ¶ 4.) The Court's review of the CPSC materials made available

to the Plaintiff prior to the initiation of this action does not lead to the conclusion that it

was objectively unreasonable for her to believe the treestands were subject to recall at

that time. Although the affidavits of Matthew Robinson establish the erroneous nature

of the Plaintiff's belief, these sworn statements were only created after this suit was filed.  Bass Pro's right to summary judgment, which is largely based on the Robinson affidavits, is also an insufficient reason to award sanctions.  The central inquiry under Rule 11 is whether there has been an abuse of the judicial process and not whether the movant is entitled to a judgment on the merits.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990); *cf. Trinity Gas Corp. v. City Bank & Trust Co. of Natchitoches*, 54 Fed. Appx. 591, 2002 WL 31730186, at *1 (5th Cir. Nov. 19, 2002) ("courts should not impose sanctions simply because one party ultimately lost on the merits in litigation").  On the whole, the record fails to evidence any abuses of the judicial system implicating the punitive measures of Rule 11.

## V.    DSG's Motion for Summary Judgment [109]

Similar to Bass Pro, DSG also principally relies on affidavit testimony in support of its request for summary judgment.  DSG argues that the affidavit of Steve Rockwell negates any claim that it sold the Plaintiff a recalled Muddy Outdoors climbing stick. Steve Rockwell is the Vice President of Muddy Outdoors, which manufactures and sells treestands, climbing sticks, and other hunting equipment.  (*See* Rockwell Aff. [109-1] at ¶ 2.)  Rockwell states that Muddy Outdoors climbing sticks with model numbers 70401 and 70404 were manufactured at two facilities in China.  (*See* Rockwell Aff. [109-1] at ¶ 3.)  "One of these facilities is called Concord Manufacturing and the other is called Classic Asia Group."  (Rockwell Aff. [109-1] at ¶ 3.)  According to Rockwell, Muddy Outdoors identified a problem with the step of a batch of climbing sticks manufactured at Classic Asia Group in 2012 and bearing the aforementioned model numbers.  (*See* Rockwell Aff. [109-1] at ¶ 4.)  Muddy Outdoors issued a voluntary recall as to these

particular climbing sticks as a result.  (*See* Rockwell Aff. [109-1] at ¶ 6.)  Rockwell

provides that none of the climbing sticks manufactured at Concord Manufacturing were

subject to the recall.  (*See* Rockwell Aff. [109-1] at ¶ 7.)  Furthermore, the climbing stick

purchased by the Plaintiff is not a recall item based on the following:

- Climbing sticks without a batch/date code were manufactured at Classic Asia Group and are subject to recall, while climbing sticks with a batch/date code were manufactured at Concord Manufacturing and are not subject to recall.  A batch/date code is stamped on the climbing stick purchased by the Plaintiff.  (*See* Rockwell Aff. [109-1] at ¶¶ 5, 10, 11(C).)

- The terms "Made in China" were printed on the inside of barcode labels placed on packaging for the recalled climbing sticks, whereas separate "Made in China" stickers were placed on the boxes containing the non-recalled climbing sticks.  The climbing stick purchased by the Plaintiff was shipped in a box with a separate "Made in China" sticker.  (*See* Rockwell Aff. [109-1] at ¶ 11(B).)

- The color and weave pattern of the rope included with the subject climbing stick indicates that it was manufactured by Concord Manufacturing, as opposed to Classic Asia Group.  (*See* Rockwell Aff. [109-1] at ¶ 11(A).)

Rockwell is "absolutely certain that the climbing stick purchased by Ms. Hinton and

shown in the attached photographs is not subject to the voluntary recall." (Rockwell Aff.

[109-1] at p. 5.)  The Court finds that DSG has met its burden under Rule 56 by

presenting evidence that negates the existence of a fact material to each of the

Plaintiff's claims.  *See* Fed. R. Civ. P. 56(c)(1)(A).

Plaintiff's central claim in opposition to summary judgment is that a jury issue

exists because the climbing stick she purchased "matches the description of the

recalled climbing sticks which is contained on the CPSC website exactly." (Pl.'s Mem.

in Opp. to Mot. for SJ [152] at p. 14.)  It does appear that the climbing stick at issue in

this case contains conditions identified by the CPSC as characteristic of a recall item:  a

single cleat post and a rope with a black and burnt orange cross pattern.[3]  However,

there is nothing in the CPSC materials before the Court indicating that the existence of

these characteristics is the exclusive way to determine if a particular climbing stick is

subject to recall.  In addition, the CPSC materials do not indicate that a climbing stick

has been recalled if it contains a batch/date code or a separate "Made in China" sticker.

The CPSC web pages further identify the manufacturer of the subject climbing sticks as

Classic Asia Group, which comports with Rockwell's affidavit testimony.  Consequently,

the CPSC recall notice neither negates nor proves false the affidavit testimony of Muddy

Outdoors' Vice President that the Muddy Outdoors climbing stick purchased by the

Plaintiff is not subject to recall.

The Court has fully considered the Plaintiff's remaining arguments, positions, and

evidentiary submissions, and determines that they also fail to create a genuine issue of

material fact.  For instance, in her own affidavit, the Plaintiff references certain

statements purportedly made by Lorne J. Smith, an investigator, to the effect that a

climbing stick is a recalled product if it possesses a number stamp beginning with

"G12".  DSG argues that the statements attributed to Mr. Smith constitute inadmissible

hearsay and should not be considered in the Court's summary judgment ruling.  DSG's

argument is sound.  "Hearsay evidence inadmissible at trial cannot be used to create a

genuine issue of material fact to avoid summary judgment."  *Harris ex rel. Harris v.*

*Pontotoc County Sch. Dist.*, 635 F.3d 685, 692 (5th Cir. 2011) (citing *Broadway v. City*

---

[3] DSG argues that the weave pattern of the rope on the subject climbing stick does not match the pictures posted by the CPSC.  Any fact dispute regarding the visual characteristics of the rope cannot be resolved in favor of DSG, the moving party, on summary judgment.

*of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976)). Plaintiff's unsworn, conclusory allegations and speculations also do not defeat the subject motion. *See Oliver*, 276 F.3d at 744. Accordingly, summary judgment will be granted in favor of DSG on all of the Plaintiff's claims.

## VI.      DSG's Motion to Sever [104]

DSG seeks an order severing the Plaintiff's claims against it from all of the other claims pending in this action pursuant to Federal Rule of Civil Procedure 20. DSG's severance request is moot given the Court's ruling on the issue of summary judgment. Thus, this motion will be denied.

## CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Plaintiff's Combined Motion to Strike and Motion *in Limine* with Authorities [143], [144] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion for Permission to File Surrebuttal Brief [174] is granted. Plaintiff's Surrebuttal, included in the body of her motion, is deemed filed.

IT IS FURTHER ORDERED AND ADJUDGED that Bass Pro's Motion for Summary Judgment [76] is granted and Plaintiff's claims against Defendants American Sportsman Holdings Co., Bass Pro, LLC, and Bass Pro Outdoors Online, LLC are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Bass Pro's Motion for Sanctions [75] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that DSG's Motion for Summary Judgment [109] is granted and the Plaintiff's claims against Defendant Dick's Sporting Goods, Inc. are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that DSG's Motion to Sever [104] is denied as moot.

IT IS FURTHER ORDERED AND ADJUDGED that within thirty-one (31) days of the entry of this Order, the Plaintiff shall take possession of the Muddy Outdoors climbing stick, Exhibit "D" to Plaintiff's Memorandum in Opposition to DSG's Motion for Summary Judgment, from the Clerk of Court.

SO ORDERED AND ADJUDGED this the 29th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE