IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARSHA HINTON**                                                                                            **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:13cv237-KS-MTP**

**AMAZON.COM.DEDC, LLC,**
**AMAZON.COM, LLC, and**
**eBAY, INC.**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant eBay, Inc.'s Motion to Dismiss [181]. Having considered the submissions of the parties and the applicable law, the Court finds that the motion is well taken and should be granted.

## I.  BACKGROUND

This action centers on the Plaintiff Marsha Hinton's purchase of hunting equipment allegedly subject to recalls issued by the United States Consumer Product Safety Commission ("CPSC"). Defendant eBay, Inc. ("eBay") "operates an Internet-based service in which it enables member sellers to offer items for sale to member buyers in what eBay characterizes as either auction-style or fixed price formats." *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 820-21 (Cal. Ct. App. 2002); *see also United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, No. 13-2983, 2014 WL 4375638, at *3 (E.D. Pa. Sept. 4, 2014) (describing eBay as an "internet auction and sale site"). Plaintiff claims that she purchased a treestand and two safety harnesses that are subject to CPSC recalls through eBay's website. It appears that the Plaintiff sought to buy recalled hunting equipment, and that she never intended to use the equipment. The Plaintiff's adult son, Timothy Hinton, died in connection with a

hunting accident in November of 2012, and she has publically stated, "When I realized they were selling these tree stands that had been recalled, I decided I would do whatever I could to keep a wife or mother from standing over a casket". (Doc. No. [37-1] at p. 1.) The specific hunting equipment involved in Timothy Hinton's hunting accident is not at issue in this lawsuit. Furthermore, no wrongful death claim has been asserted in this cause.

This action was initially filed in the Circuit Court of the Second Judicial District of Jones County, Mississippi. On October 25, 2013, Defendants Amazon.com.dedc, LLC and Amazon.com, LLC filed their Notice of Removal [1], asserting that the Court possessed jurisdiction over this cause pursuant to Title 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1367 (supplemental jurisdiction). The remaining Defendants timely consented to the removal.[1] On March 7, 2014, Plaintiff filed her Amended Complaint [160], presenting the following counts: (1) request for injunction; (2) negligence; (3) intentional conduct; (4) gross negligence; (5) breach of the implied warranty of merchantability; (6) failure to warn; (7) breach of the duty of good faith and fair dealing; (8) violation of the Mississippi Consumer Protection Act; (9) violation of federal law; and (10) punitive damages.

eBay has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and argues that all of the Plaintiff's claims against it are barred by the immunity provision of the Communications Decency Act ("CDA"), 47 U.S.C. § 230. Plaintiff

---

[1] Several of the original Defendants are no longer before the Court. (*See* Agreed Judgment [163]; Agreed Judgment of Dismissal with Prejudice [164]; Agreed Order of Dismissal [165]; Mem. Op. & Order [190].)

contends that CDA immunity is inapplicable because the sale of recalled items is illegal under federal law. The Court has fully considered the parties' competing positions and is ready to rule.

## II. DISCUSSION

### A. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th

Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). A court may consider matters of public record in deciding a Rule 12(b)(6) motion. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted).

    **B.    Analysis**

The immunity defense before the Court arises from 47 U.S.C. § 230(c)(1). This provision states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).[2] Relatedly, section 230(e)(3) provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). The United States Court of Appeals for the Fifth Circuit has held that by enacting § 230(c)(1), "Congress provided broad immunity under the CDA to Web-based service providers for all claims stemming from their publication of information created by third parties . . . ." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Fifth Circuit has also recognized opinions from the Third, Fourth, Ninth, and Tenth Circuits construing "the immunity provisions in § 230 broadly in all cases arising from the publication of user-

---

[2] Section 230 defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). Furthermore, the term "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

generated content." *Id.* (citing *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123-24 (9th Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018, 1030-31 & n.19 (9th Cir. 2003); *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 984-86 (10th Cir. 2000); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330-31 (4th Cir.1997)). In *MySpace*, the Fifth Circuit affirmed the dismissal of negligence and gross negligence claims arising from the sexual assault of the plaintiff by an individual she met via MySpace.com. *See id.* at 415-18. The plaintiff's allegation that MySpace, Inc. ("MySpace") failed to implement security measures to protect minors was found to be merely another way of claiming that MySpace should be held liable for publishing third-party communications that led to the assault. *See id.* at 419-20.

In *Zeran*, one of the leading cases referenced in *MySpace*, the Fourth Circuit described the legislative purpose behind the enactment of § 230 as follows:

> Interactive computer services have millions of users. The amount of information communicated via interactive computer services is therefore staggering. The specter of tort liability in an area of such prolific speech would have an obvious chilling effect. It would be impossible for service providers to screen each of their millions of postings for possible problems. Faced with potential liability for each message republished by their services, interactive computer service providers might choose to severely restrict the number and type of messages posted. Congress considered the weight of the speech interests implicated and chose to immunize service providers to avoid any such restrictive effect.

129 F.3d at 331 (internal citation omitted). The Fourth Circuit ruled that the plain language of "§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Id.* at 330. In accordance with this ruling, the district court's dismissal of the plaintiff's

-5-

claims against American Online, Inc. for failing to screen and remove defamatory messages posted by a third party was affirmed. *See id.* at 328.

The expansive scope of CDA immunity has been found to encompass state tort claims,[3] alleged violations of state statutory law,[4] requests for injunctive relief,[5] and purported violations of federal statutes not specifically excepted by § 230(e).[6] Three elements are typically listed by courts holding that claims are barred by § 230(c)(1): (i) the defendant is a provider or user of an "interactive computer service"; (ii) the claim is based upon information furnished by another "information content provider"; and (iii) the

---

[3] *See, e.g.*, *MySpace*, 528 F.3d at 415 (negligence and gross negligence); *Zeran*, 129 F.3d at 328 (negligence); *Asia Econ. Inst. v. Xcentric Ventures LLC*, No. CV 10-01360, 2011 WL 2469822, at *7 (C.D. Cal. May 4, 2011) (defamation, false light, and intentional and negligent interference with prospective economic relations); *Prickett v. InfoUSA, Inc.*, 561 F. Supp. 2d 646, 648, 652 (E.D. Tex. 2006) (invasion of privacy, trespass, private nuisance, and intentional infliction of emotional distress).

[4] *See, e.g.*, *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 422 (1st Cir. 2007) (Florida's securities and cyberstalking statutes); *Obado v. Magedson*, No. 13-2382, 2014 WL 3778261, at *1, 9 (D.N.J. July 31, 2014) (the New Jersey Consumer Fraud Act); *Goddard v. Google, Inc.*, No. C 08-2738, 2008 WL 5245490, at *1 (N.D. Cal. Dec. 17, 2008) (the California Business and Professions Code).

[5] *See, e.g.*, *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 539-40 (E.D. Va. 2003), *aff'd*, No. 03-1770, 2004 WL 602711 (4th Cir. Mar. 24, 2004); *Smith v. Intercosmos Media Group, Inc.*, No. Civ.A. 02-1964, 2002 WL 31844907, at *5 (E.D. La. Dec. 17, 2002).

[6] *See, e.g.*, *Chicago Lawyers' Comm. for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681, 698-99 (N.D. Ill. 2006) (the Fair Housing Act), *aff'd*, 519 F.3d 666 (7th Cir. 2008); *Noah*, 261 F. Supp. 2d at 537 (Title II of the Civil Rights Act of 1964). Federal criminal statutes, intellectual property law, state law consistent with § 230, and the Electronic Communications Privacy Act of 1986 are unaffected by the CDA's immunity provision. *See* 47 U.S.C. § 230(e)(1)-(4).

defendant is alleged to be the publisher or speaker of the information.[7]  eBay has been held immune pursuant to § 230(c)(1) in federal and state litigation concerning the sale of defective or illegal items.[8]

In support of dismissal in this cause, eBay asserts that it is an "interactive computer service" under the CDA; that advertisements and product information published on www.ebay.com originate from third-party retailers; and, that the Plaintiff has failed to allege any facts showing that it participated in the creation or development of the product listings at issue in this action.  Plaintiff's opposition to dismissal contests none of these points.  Plaintiff also fails to challenge eBay's assertion that she has not alleged it manufactured or ever physically possessed any recalled hunting equipment.  Moreover, Plaintiff's central factual allegation in support of liability is that eBay permitted a retailer "to advertise and sell the aforementioned recalled product to the Plaintiff through a listing on its auction website after eBay knew or should have known of the

---

[7] *See, e.g., Parker v. Google, Inc.*, 242 Fed. Appx. 833, 838 (3d Cir. 2007); *Lycos*, 478 F.3d at 418; *Obado*, 2014 WL 3778261, at *4.

[8] *See Inman v. Technicolor USA, Inc.*, No. 11-666, 2011 WL 5829024, at *7 (W.D. Pa. Nov. 18, 2011) (considering sales made by third parties to be information for CDA purposes, and holding that eBay could not be held liable for the plaintiff's purchase of defective vacuum tubes through its website); *Gentry*, 99 Cal. App. 4th at 820 (dismissing various state law claims arising from the sale of sports memorabilia with faked autographs because the plaintiffs ultimately sought to hold eBay responsible for misinformation originating from others); *Stoner v. eBay Inc.*, No. 305666, 2000 WL 1705637, at *3 (Cal. Super. Ct. Nov. 1, 2000) (rejecting the plaintiff's contention that eBay should be held liable for failing to monitor items sold through its service, such as bootleg sound recordings, since "cases decided under the CDA uniformly have held that notice of postings which indicate illegality does not defeat immunity") (citations omitted).

CPSC recall." (Am. Compl. [160] at ¶ 19.)[9]  Based on these particulars, the Court finds that all of the Plaintiff's claims against eBay arise or "stem[] from the[] publication of information [on www.ebay.com] created by third parties . . . ."  *MySpace*, 528 F.3d at 418.  CDA immunity will attach in the absence of a statutory exception.

Plaintiff chiefly relies on the "[n]o effect on criminal law" provision of the CDA in arguing against eBay's request for dismissal.  47 U.S.C. § 230(e)(1).  This measure provides that nothing in § 230 "shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of Title 18, *or any other Federal criminal statute*."  *Id.* (emphasis added).  Plaintiff argues that eBay is not protected by the CDA because it allowed the sale of recalled items on its website in violation of 15 U.S.C. § 2068 of the Consumer

---

[9] The Amended Complaint further alleges that eBay's conduct "amounts to a sale" because it "entered into a joint venture with" a retailer "and split the profits from the sale". (Am. Compl. [160] at ¶ 19.)  The Court is not required to accept these "conclusory allegations or legal conclusions" as true.  *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).  Furthermore, neither a website operator's notice of the posting of potentially illegal content nor its receipt of profits from online sales controls the immunity determination under § 230.  *See Lycos*, 478 F.3d at 420 ("Section 230 immunity applies even after notice of the potentially unlawful nature of the third-party content."); *M.A. ex rel. P.K. v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1050 (E.D. Mo. 2011) ("[T]he fact that a website elicits online content for profit is immaterial; the only relevant inquiry is whether the interactive service provider creates or develops that content.") (citations and internal quotation marks omitted).

Product Safety Act ("CPSA")[10] and since 15 U.S.C. § 2070[11] imposes criminal penalties for any violation of § 2068.

The problem for the Plaintiff is that this is not a criminal proceeding being prosecuted by the United States Government. The Fifth Circuit has recognized that "[a] private party has no right to enforce federal criminal statutes." *Balawajder v. Jacobs*, 220 F.3d 586, 2000 WL 960065, at *1 (5th Cir. 2000) (citations omitted). Analogously, the United States District Court for the Eastern District of Texas has examined § 230(e)(1) and found that "Congress decided not to allow private litigants to bring civil claims based on their own beliefs that a service provider's actions violated the criminal laws." *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758, at *5, 22 (E.D. Tex. Dec. 27, 2006). In *Bates*, all of the plaintiffs' claims against Yahoo! Inc. ("Yahoo) were dismissed pursuant to § 230 notwithstanding their allegation that Yahoo violated a federal criminal statute by knowingly profiting from the trafficking of child pornography. *See id.* at *2-5, 20-22. Several opinions are in accord with *Bates*. *See, e.g.*, *Obado*, 2014 WL 3778261, at *8 ("[T]he CDA exception for federal criminal statutes applies to government prosecutions, not to civil private rights of action . . . ."); *Village Voice Media Holdings, LLC*, 809 F. Supp. 2d at 1055-56 (the illegal or highly offensive nature of website content does not alter the controlling determination of whether the information

---

[10] "It shall be unlawful for any person to . . . sell [or] offer for sale . . . any consumer product . . . that is . . . subject to voluntary corrective action taken by the manufacturer, in consultation with the Commission . . . ." 15 U.S.C. § 2068(a)(2)(B).

[11] "Violation of section 2068 of this title is punishable by[:] (1) imprisonment for not more than 5 years for a knowing and willful violation of that section; (2) a fine determined under section 3571 of Title 18; or (3) both." 15 U.S.C. § 2070(a).

was created by an information content provider other than the defendant); *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 965 n.6 (N.D. Ill. 2009) (holding that the complaint's reference to a criminal statute did not bring a nuisance cause of action within the statutory exception to CDA immunity provided under § 230(e)(1)); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 760 (Tex. App. 2014) (finding that § 230 affords interactive computer service providers immunity from civil liability even if the posted content is illegal or forms the basis of a criminal prosecution).  In congruence with these authorities, the Court determines that the Plaintiff's beliefs regarding the illegality of eBay's acts or omissions fail to trigger the statutory exception to CDA immunity found under § 230(e)(1) in this civil lawsuit.

Plaintiff's opposition to dismissal can also be construed to rely upon the civil penalties prescribed by 15 U.S.C. § 2069[12] as a ground for CDA immunity not being extended to her claims against eBay.  Plaintiff's apparent reliance on this section of the CPSA is misplaced.  The collection of civil fines under § 2069 is reserved for the CPSC, as opposed to private litigants.  *See, e.g.*, *Messier v. U.S. Consumer Prod. Safety Comm'n*, 741 F. Supp. 2d 572, 576 (D. Vt. 2010); *Simpson v. Bio-Wash Prods., Inc.*, 172 F. Supp. 2d 372, 375 (D. Conn. 2001).  Further, the Court does not find § 2069 to be fairly encompassed within the exceptions specified under § 230(e)(1)-(4).  "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."  *TRW Inc. v. Andrews*, 534 U.S. 19, 28, 122 S. Ct. 441, 151 L. Ed. 2d 339

---

[12] "Any person who knowingly violates section 2068 of this title shall be subject to a civil penalty not to exceed $100,000 for each such violation."  15 U.S.C. § 2069(a)(1).

(2001) (citation omitted); *see also Noah*, 261 F. Supp. 2d at 539 (holding that Congress's decision to exclude only certain federal claims from § 230 must be respected). Plaintiff has failed to evince any legally cognizable exception to the application of CDA immunity to the claims presently before the Court.

Finally, the Court addresses eBay's request for the dismissal with prejudice of the Plaintiff's claims. A court should ordinarily provide a claimant an opportunity to amend his complaint prior to granting a motion to dismiss with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citations omitted). However, dismissal without leave to amend is appropriate where any amendment would be futile or the plaintiff has presented his best case. *See Washington v. Weaver*, No. 08-30392, 2008 WL 4948612, at *3 (5th Cir. Nov. 20, 2008) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000)). Amendment of the Plaintiff's claims against eBay "would be futile" since she has presented no plausible basis for avoiding the CDA's immunity bar. *Obado*, 2014 WL 3778261, at *9 (ordering dismissal with prejudice where § 230 barred the plaintiff's claims); *Black v. Google Inc.*, No. 10-02381, 2010 WL 3222147, at *3 (N.D. Cal. Aug. 13, 2010) (same), *aff'd*, 457 Fed. Appx. 622 (9th Cir. 2011). Furthermore, the Court presumes that the Plaintiff has stated her best case since there is no pending request for leave to file a second amended complaint. *See, e.g.*, *Joseph v. Bach & Wasserman, L.L.C.*, 487 Fed. Appx. 173, 178-79 (5th Cir. 2012); *C & C Inv. Props., LLC v. FDIC*, No. 3:12cv57, 2013 WL 1136337, at *3 (S.D. Miss. Mar. 18, 2013). Therefore, Plaintiff's claims against eBay will be dismissed with prejudice.

### III.  CONCLUSION

The "broad immunity" established by Congress pursuant to 47 U.S.C. § 230 bars the Plaintiff's claims against eBay in this civil action. *MySpace*, 528 F.3d at 418. The Court must apply this controlling federal statute and the Fifth Circuit's interpretative precedent even though this result may seem harsh or unfair. Plaintiff's public policy arguments, some of which have appeal, are better addressed to Congress, who has the ability to make and change the laws. Further, nothing said here precludes the appropriate prosecuting authority from investigating and acting upon the Plaintiff's allegations of criminal wrongdoing.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [181] is granted and the Plaintiff's claims against eBay, Inc. are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the Plaintiff and Amazon.com.dedc, LLC are to contact the chambers of the United States Magistrate Judge Michael T. Parker within seven (7) days of the entry of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 9th day of December, 2014.

                                                 *s/Keith Starrett*
                                                 UNITED STATES DISTRICT JUDGE